IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY L. BARKER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-0812-B |
| | § | |
| BANK ONE, N.A. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Defendant Bank One, N.A. has filed a motion for leave to designate Penny Williams as its

corporate representative and two employees of Philip Vogel & Co., Bernard "Buddy" Raden and

Danna Dixon, as additional witnesses who may testify at trial. Plaintiff opposes the motion because

neither Williams, Raden, nor Dixon were identified as persons with knowledge of relevant facts in

response to a proper interrogatory. The parties have briefed their respective positions in a joint

status report filed with the motion on September 2, 2005,[1] and this matter is ripe for determination.

Fed. R. Civ. P. 37(c)(1) provides, in pertinent part:

> A party that without substantial justification fails to . . . amend a prior
> response to discovery as required by Rule 26(e)(2), is not, unless
> such failure is harmless, permitted to use as evidence at trial, a
> hearing, or on a motion any witness or information no so disclosed.

FED. R. CIV. P. 37(c)(1). Supplementation of a discovery response is required under Fed. R. Civ.

P. 26(e)(2) "if the party learns that the response is in some material respect incomplete or incorrect

and if the additional information or corrective information has not otherwise been made known to

---

[1] The joint status report submitted by defendant does not contain a statement by plaintiff and is not signed by opposing counsel. However, plaintiff provided the court with a separate status report as part of his response filed on September 2, 2005.

the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(2).  In its motion, defendant argues that it was not required to identify Raden and Dixon as persons with knowledge of relevant facts in a supplemental interrogatory answer because plaintiff deposed these witnesses on April 28, 2005-- one day before the expiration of the discovery deadline and more than two months before the parties were required to make pretrial disclosures.  The advisory committee notes to Rule 26(e) make clear that there is no obligation to supplement an interrogatory answer with information otherwise made known to the parties during the discovery process, "as when a witness not previously disclosed is identified during the taking of a deposition." FED. R. CIV. P. 26(e), Adv. Comm. Note (1993).  *See also Bonds v. District of Columbia*, 93 F.3d 801, 810-13 (D.C. Cir. 1996), *cert. denied*, 117 S.Ct. 2453 (holding that district court improperly excluded testimony of witness not timely identified in response to interrogatory, but who had been deposed by other party). Because plaintiff was aware of Raden and Dixon and had an opportunity to explore the subject matter of their potential testimony by way of deposition, defendant was not required to identify these witnesses in a supplemental interrogatory answer.

The court further determines that defendant was substantially justified in withholding the designation of Penny Williams as its corporate representative.  When plaintiff first inquired about taking a Rule 30(b)(6) deposition in April 2005, defendant asked plaintiff to provide a list of deposition topics.  Defendant also agreed to extend the discovery deadline until June 30, 2005 for the purpose of taking this deposition.  Despite this accommodation, plaintiff never provided defendant with a list of deposition topics or renewed his request for a Rule 30(b)(6) deposition.  This constitutes substantial justification for not designating Williams as a corporate representative prior to the August 1, 2005 deadline for making pretrial disclosures.

Moreover, the failure to identify this witness in a supplemental interrogatory answer is harmless. Williams is an important witness who will testify about bank policies and procedures, as well as the specific instruments at issue in this case. The court already has determined that defendant was substantially justified in withholding the designation of this witness as its corporate representative. Nor is there any evidence that plaintiff will be prejudiced if Williams is allowed to testify. Plaintiff had ample opportunity to take a Rule 30(b)(6) deposition before the expiration of the discovery deadline as extended by the parties, and defendant has agreed to let plaintiff depose Williams prior to trial. This obviates any prejudice or harm to plaintiff as a result of the failure to timely supplement interrogatory answers.[2]

For these reasons, defendant's motion for leave to designate a corporate representative and other witnesses is granted.

SO ORDERED.

DATED: September 7, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff cites two cases in his joint status report for the proposition that Fed. R. Civ. P. 37(c)(1) bars the introduction of evidence when a party fails to make a required supplemental disclosure. *Brennan's Inc. v. Dickie Brennan & Co., Inc.*, 376 F.3d 356, 374-75 (5th Cir. 2004); *Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993). However, both *Brennan's* and *Alldread* involved situations where a party did not timely disclose information essential to understanding the proposed testimony of an expert witness. Because the instant case involves fact witnesses, not experts, *Brennan's* and *Alldread* are inapposite.